The State of Texas Ex Relators F. M. Spencer, County Attorney, and B. F. Walker, Sheriff, v. J. A. Nabers, District Judge, et al.

No. 4128. Decided June 23, 1916.

Pool Hall Law—Injunction—Writ of Prohibition—Jurisdiction.

Where the respondent as district judge, on the petition of his co-respondent, had issued without jurisdiction, an order of injunction in favor of said co-respondent against the sheriff and county attorney of a county in which the pool hall law was in force to restrain them from enforcing said law by criminal prosecution, a writ of prohibition is granted directed to the said respondent requiring them to desist from any further interference or hindrance of said sheriff and county attorney or their successors in office from instituting such criminal proceedings as they may deem necessary to enforce said law. Davidson, Judge, dissenting.

From Hardeman County.

Original petition asking for a writ of prohibition against the district judge and others, requiring them to desist from further interference or hindrance of the sheriff and county attorney to enforce the pool hall law by criminal prosecutions.

The opinion states the case.

*D. E. Decker,* for respondent.

*C. C. McDonald,* Assistant Attorney General, for the State.—Cited, State ex rel. McNamara, recently decided.

PRENDERGAST, PRESIDING JUDGE.—This cause is on all-fours with No. 3721, State of Texas Ex Rel. John B. McNamara, County Attorney, v. Erwin J. Clark, District Judge, et al., from McLennan County, which was fully discussed and decided by this court on December 15, 1915, in an opinion rendered and judgment entered on that date.

It is entirely unnecessary to herein again discuss the question. Among other things, it is conclusively shown in this cause that Will Fullingim, the party at whose instance J. A. Nabers, judge of the Forty-sixth Judicial District of Texas, including Hardeman County, granted a writ of injunction against B. F. Walker, sheriff of Hardeman County, Texas, and F. M. Spencer, county attorney of said county, has, and had, no vested property right whatever, and had none at the time he applied for and obtained from said judge a writ of injunction against said sheriff and county attorney. And that the said district judge had no power, authority or jurisdiction to grant said order of injunction; and that his pretended order therein to that effect is a nullity and absolutely void; and that he had, and has, no authority, power or jurisdiction whatever to attempt to enforce the same against the said Walker, sheriff, and Spencer, county attorney. Said sheriff and county attorney be and they are hereby released and relieved from any and all restraint sought to be placed upon them, or either of them, in the performance of their official duties by virtue of said void order and pretended writ of injunction.

It is, therefore, the order of this court that the clerk of this court at once issue a writ of prohibition directed to said J. A. Nabers, judge as aforesaid, requiring that he desist from any further interference whatever with or hindrance of said sheriff and county attorney, or either of them, or the successors of them, or either of them, from instituting and prosecuting any and all criminal proceedings they, or either of them, deem it necessary or proper as such officers under their official oaths against said Will Fullingim for the violation, or alleged violation, of the pool hall law of this State. And the clerk of this court is further directed and required to at once issue to said Will Fullingim and his attorney, D. E. Decker, a writ prohibiting them, and each of them, from taking any further action or proceeding whatever in cause No.

1246 on the docket of the District Court of said Hardeman County, Texas, wherein said Will Fullingim, acting by and through his said attorney, filed in said District Court against said sheriff and county attorney and obtained an order of injunction and writ thereunder prohibiting said sheriff and county attorney from proceeding to prosecute the said Will Fullingim for a violation, or an alleged violation, of said pool hall law, as they, the said sheriff and said county attorney, their successors or the successor of either of them, may deem it their duty as officials to so prosecute.

It is hereby further ordered that any and all other writs necessary or proper to enforce this judgment are ordered to be issued by the clerk of this court.

*Writ of prohibition granted.*

DAVIDSON, JUDGE (dissenting).—For reasons stated in my dissenting opinion in Ex rel. McNamara v. Clark, decided at the present term, I enter my dissent in this case.